HUGO JAECKEL & SON v. UNITED STATES.

(Circuit Court of Appeals, Second Circuit. February 8, 1910.)

No. 151 (5,377).

1. CUSTOMS DUTIES (§ 33*)—CLASSIFICATION—EMBROIDERED FURS—NOSCITUR A SOCIIS—"OR."
    In Tariff Act July 24, 1897, c. 11, § 1, Schedule J, par. 339, 30 Stat. 181 (U. S. Comp. St. 1901, p. 1662), the proviso relative to "embroidered wearing apparel or other article or textile fabric," is not to be construed as though the second "or" were "of"; nor should the doctrine of noscitur a sociis be applied so as to restrict the proviso to such articles of wearing apparel as are textiles or made of textiles, and thus exclude embroidered furs.
    [Ed. Note.—For other cases, see Customs Duties, Dec. Dig. § 33.*
    For other definitions, see Words and Phrases, vol. 6, pp. 5002–5015; vol. 8, p. 7739.]

2. WORDS AND PHRASES—"EMBROIDERED ARTICLE."
    Fur garments, ready to wear, lined with silk and trimmed with embroidery, are "embroidered articles," though the fur itself has not been embroidered.
    [Ed. Note.—For other definitions, see Words and Phrases, vol. 3, p. 2361.]

Appeal from the Circuit Court of the United States for the Southern District of New York.

This cause comes here upon appeal from a decision of the Circuit Court (172 Fed. 292), affirming a decision of the Board of General Appraisers (G. A. 6,818 [T. D. 29,297]), which sustained the collector's classification of certain importations.

John Giblon Duffy (Joseph G. Kammerlohr, on the brief), for appellants.

D. Frank Lloyd, Deputy Asst. Atty. Gen. (Martin T. Baldwin, Sp. Atty., of counsel), for the United States.

Before LACOMBE and WARD, Circuit Judges.

PER CURIAM. The importation consisted of a number of fur garments, made up ready to wear, lined with silk cloth, and trimmed with embroidery. The fur itself out of which the garment was made has not been embroidered; but the completed article, the piece of wearing apparel which is composed of fur, lining, trimming, or what

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

not, is, considered in its entirety, an embroidered article. The only question is whether it comes within the proviso at the end of paragraph 339, tariff act of 1897, or within paragraph 450, as "manufactures of which fur is the material of chief value," not otherwise specially provided for.

The proviso reads as follows:

"Provided, that no wearing apparel or other article or textile fabric, when embroidered by hand or machinery, shall pay duty at a less rate than that imposed in any schedule of this act upon any embroideries of the materials of which such embroidery is composed."

The paragraph to which this proviso is annexed consists of a long enumeration of articles, such as laces, articles made wholly or in part of lace, nettings, veilings, ruchings, tuckings, embroideries, braids, insertings, bands, wearing apparel, handkerchiefs, and skirtings—"all composed wholly or in chief value of flax, cotton or other vegetable fiber." The importers contend that under the rule of noscitur a sociis the "wearing apparel" of the proviso must be confined to such articles of wearing apparel only as are textiles or made of textiles. In our opinion the language chosen by Congress to express its intent is altogether too broad to warrant such a construction. If the second "or" of the proviso were an "of," it would precisely convey the meaning which appellants seek to give to the phrase; but enumerating separately, as it does, "wearing apparel," "other article," and "textile fabric," it would be an unreasonable extension of the rule relied on thus to restrict it.

The decision is affirmed.